UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JHONY DELCID, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 11-11122-PBS |
| | ) | |
| AMERICAN SERVICING CO., | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION ON
# DEFENDANT'S MOTION TO DISMISS

October 3, 2011

DEIN, U.S.M.J.

## I. DISCUSSION

The plaintiff Jhony Delcid ("Delcid") commenced this action against America's Servicing Company ("ASC"), apparently incorrectly named American Servicing Company, the holder of a mortgage on his home. The mortgage is in default and ASC commenced foreclosure proceedings. Delcid filed suit in Suffolk Superior Court, and, on June 7, 2011, obtained a preliminary injunction enjoining the foreclosure sale. ASC then removed the action to this court on June 22, 2011. ASC is in the process of reviewing Delcid's application for a loan modification, and has agreed not to seek to reopen the foreclosure process while the modification review is pending.

This matter is presently before the court on the Defendant's Motion to Dismiss (Docket No. 3), pursuant to which the defendant seeks the dismissal of the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be

granted. The complaint itself does not identify any specific causes of action. Present counsel, who did not draft the complaint, agrees that the only claim the plaintiff is pursuing in the original complaint is one under Mass. Gen. Laws ch. 93A.

It is undisputed that, "as a prerequisite to suit," the plaintiff must send "a written demand letter for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered," at least 30 days prior to commencing suit. Smith v. Jenkins, 777 F. Supp. 2d 264, 267 (D. Mass. 2011) (quoting Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 287, 475 N.E.2d 727, 735 (1985), Mass. Gen. Laws ch. 93A, § 9(3)) (additional citations omitted). "The demand letter must describe the complained-of acts with reasonable specificity" and "there is no right to obtain relief for any wrongful act that is not described in the letter." Smith, 77 F. Supp. 2d at 267. See also Lingis v. Waisbren, 75 Mass. App. Ct. 464, 468, 914 N.E.2d 976, 979-80 (2009), and cases cited. In the instant case, plaintiff's prior counsel sent what purported to be a demand letter pursuant to Mass. Gen. Laws ch. 93A on May 19, 2010. A copy of that letter is attached to the original complaint. It is undisputed that the letter does not identify the alleged wrongdoing that plaintiff's present counsel contends forms the basis of plaintiff's 93A claim. Therefore, this court recommends that the motion to dismiss be allowed, as the plaintiff has failed to send an appropriate 93A demand letter before commencing suit. The complaint should be dismissed without prejudice, as the plaintiff may be able to state a claim under Mass. Gen. Laws ch. 93A following a proper demand.

## II. CONCLUSION

For all the reasons described herein, this court recommends to the District Judge to whom this case is assigned that the Defendant's Motion to Dismiss (Docket No. 3) be ALLOWED, and that the complaint be dismissed without prejudice.[1]

                                  / s / Judith Gail Dein
                                  Judith Gail Dein
                                  U.S. Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).